Russell S. Buhite, OSB #142529
OGLETREE, DEAKINS, NASH, SMOAK
    & STEWART, P.C.
1201 Third Avenue, Suite 5150
Seattle, WA  98101
Telephone:   (206) 693-7052
Facsimile:    (206) 693-7058
Email:  russell.buhite@ogletree.com

Scott K. Pomeroy, MA Bar #665110
(admitted *pro hac vice*)
OGLETREE, DEAKINS, NASH, SMOAK
    & STEWART. P.C.
One Boston Place, Suite 3500
Boston, MA  02108
Telephone:     (207) 387-2961
Facsimile:     (207) 387-2986
Email:  scott.pomeroy@ogletree.com

Attorneys for Defendant LINCOLN NATIONAL
LIFE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| TRACEY K. TURKOLY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No.: 3:21-cv-01019-SI<br><br>**DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendant The Lincoln National Life Insurance Company ("Lincoln") hereby answers

Plaintiff Tracey K. Turkoly's ("Plaintiff") Complaint ("Complaint") as follows:

DEFENDANT'S ANSWER AND DEFENSES
TO PLAINTIFF'S COMPLAINT - 1
Case No. 3:21-cv-01019-SI

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone:  206-693-7052 | Fax: 206-693-7058

## CAUSE OF ACTION

1.      In response to Paragraph 1 of the Complaint, Lincoln admits that Plaintiff brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and that Plaintiff seeks certain remedies and relief under ERISA.  Lincoln denies that Plaintiff is entitled to any remedy or relief in this action.  Except as expressly admitted, Lincoln denies the allegations of Paragraph 1.

## JURISDICTION AND VENUE

2.      In response to Paragraph 2 of the Complaint, Lincoln admits that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and ERISA, but Lincoln denies that Plaintiff is entitled to any remedy or relief in this action.  Except as expressly admitted, Lincoln denies the allegations of Paragraph 2.

3.      Paragraph 3 of the Complaint contains an assertion of law which requires no response.  To the extent a response is required, Lincoln admits that it does not challenge venue in this forum in this case.  Except as expressly admitted, Lincoln denies the allegations of Paragraph 3.

## PARTIES

4.      In response to Paragraph 4 of the Complaint, Lincoln states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation concerning Plaintiff's citizenship.  Lincoln admits that it issued a Group Disability Income Policy, Policy Number GD/GF3-860-067026-01 (the "Group Policy"), to DocuSign Inc. ("DocuSign") to fund in part DocuSign's employee welfare benefit plan.  Lincoln admits that Plaintiff was at one time an employee of DocuSign and thus was at one time covered by the Group Policy.  Answering further, Lincoln states that the Group Policy, which is set forth in the

DEFENDANT'S ANSWER AND DEFENSES
TO PLAINTIFF'S COMPLAINT - 2
Case No. 3:21-cv-01019-SI

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone:  206-693-7052 | Fax: 206-693-7058

Administrative Record, is a written document that speaks for itself.  Lincoln refers to the Group Policy and denies the allegations of Paragraph 4 to the extent they are incomplete or inconsistent with the terms of the Group Policy.  Except as expressly stated, Lincoln denies the allegations of Paragraph 4.

5.      In response to Paragraph 5 of the Complaint, Lincoln admits that it issued the Group Policy to DocuSign to fund in part DocuSign's employee welfare benefit plan.  Lincoln admits that it was the claim administrator responsible for interpreting the terms of the Group Policy and making benefit determinations thereunder.  Lincoln admits that it is an insurance company licensed in Oregon.  Answering further, Lincoln states that the Group Policy, which is set forth in the Administrative Record, is a written document that speaks for itself.  Lincoln refers to the Group Policy and denies the allegations of Paragraph 5 to the extent they are incomplete or inconsistent with the terms of the Group Policy.  Except as expressly admitted, Lincoln denies the allegations of Paragraph 5.

## CLAIMS FOR RELIEF

6.      Lincoln denies the allegations of Paragraph 6 of the Complaint.

## FACTS

7.      In response to Paragraph 7 of the Complaint, Lincoln admits that it issued the Group Policy to DocuSign to fund in part DocuSign's employee welfare benefit plan.  Lincoln admits that it was the claim administrator responsible for interpreting the terms of the Group Policy and making benefit determinations thereunder.  Lincoln admits that Plaintiff was at one time an employee of DocuSign and thus was at one time covered by the Group Policy.  Answering further, Lincoln states that the Group Policy, which is set forth in the Administrative Record, is a written document that speaks for itself.  Lincoln refers to the Group Policy and

denies the allegations of Paragraph 7 to the extent they are incomplete or inconsistent with the terms of the Group Policy. Except as expressly stated, Lincoln denies the allegations of Paragraph 7.

8. In response to Paragraph 8 of the Complaint, Lincoln admits that Plaintiff was at one time employed by DocuSign as an account manager. Lincoln admits that Plaintiff stopped working at DocuSign on or about February 14, 2019. Answering further, Lincoln states that Plaintiff submitted certain documents to Lincoln concerning her dates of employment, her occupational duties, and her medical symptoms, conditions, and treatments. Lincoln refers to those documents, which are set forth in the Administrative Record and speak for themselves, and denies the allegations of Paragraph 8 to the extent they are incomplete or inconsistent with the documents submitted by Plaintiff or any part of the Administrative Record. Except as expressly stated, Lincoln denies the allegations of Paragraph 8. Lincoln specifically denies that Plaintiff met her burden to prove entitlement to long-term disability ("LTD") benefits under the Group Policy beyond March 24, 2020.

9. In response to Paragraph 9 of the Complaint, Lincoln admits that that in connection with her claim for benefits under the Group Policy, Plaintiff submitted certain medical records and other documents concerning her symptoms, conditions, and treatments. Lincoln refers to those records and documents, which are set forth in the Administrative Record and speak for themselves, and denies the allegations of Paragraph 9 to the extent they are incomplete or inconsistent with the records and documents submitted by Plaintiff or any part of the Administrative Record. Except as expressly stated, Lincoln denies the allegations of Paragraph 9. Lincoln specifically denies that Plaintiff met her burden to prove entitlement to LTD benefits under the Group Policy beyond March 24, 2020.

10.     In response to Paragraph 10 of the Complaint, Lincoln admits that in connection with her claim for benefits under the Group Policy, Plaintiff submitted certain medical records and other documents concerning her symptoms, conditions, and treatments.  Lincoln refers to those records and documents, which are set forth in the Administrative Record and speak for themselves, and denies the allegations of Paragraph 10 to the extent they are incomplete or inconsistent with the records and documents submitted by Plaintiff or any part of the Administrative Record.  Except as expressly stated, Lincoln denies the allegations of Paragraph 10.  Lincoln specifically denies that Plaintiff met her burden to prove entitlement to LTD benefits under the Group Policy beyond March 24, 2020.

11.     In response to Paragraph 11 of the Complaint, Lincoln admits that it determined that Plaintiff failed to meet her burden to prove entitlement to LTD benefits under the Group Policy beyond March 24, 2020, and that Lincoln notified her of that determination by letter dated March 25, 2020.  Lincoln admits that Plaintiff appealed that determination, and that after a full and fair administrative review, Lincoln upheld that determination and notified Plaintiff of the uphold decision by letter dated May 25, 2021.  Answering further, Lincoln states that its letters dated March 25, 2020, and May 25, 2021, are set forth in the Administrative Record and speak for themselves.  Lincoln refers to those letters and denies the allegations of Paragraph 11 to the extent they are incomplete or inconsistent with those letters or any part of the Administrative Record.  Except as expressly stated, Lincoln denies the allegations of Paragraph 11.  Lincoln specifically denies that Plaintiff met her burden to prove entitlement to LTD benefits under the Group Policy beyond March 24, 2020.

12.     In response to Paragraph 12 of the Complaint, Lincoln admits that it initially determined that Plaintiff met her burden to prove entitlement to LTD benefits under the Group

DEFENDANT'S ANSWER AND DEFENSES
TO PLAINTIFF'S COMPLAINT - 5
Case No. 3:21-cv-01019-SI

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone:  206-693-7052 | Fax: 206-693-7058

Policy and that it notified Plaintiff of that determination by letter dated June 5, 2019.  Lincoln admits that it subsequently determined that Plaintiff failed to meet her burden to prove entitlement to LTD benefits under the Group Policy beyond March 24, 2020, and that it notified Plaintiff of that determination by letter dated March 25, 2020.  Answering further, Lincoln states that its letters dated June 5, 2019 and March 25, 2020 are set forth in the Administrative Record and speak for themselves.  Lincoln refers to those letters and denies the allegations of Paragraph 12 to the extent they are incomplete or inconsistent with those letters or any part of the Administrative Record.  Except as expressly stated, Lincoln denies the allegations of Paragraph 12.  Lincoln specifically denies that Plaintiff met her burden to prove entitlement to LTD benefits under the Group Policy beyond March 24, 2020.

13.     Lincoln denies the allegations of Paragraph 13 of the Complaint.

14.     In response to Paragraph 14 of the Complaint, Lincoln admits that Plaintiff took the administrative appeal of her LTD claim required by the Group Policy and ERISA.  Except as expressly stated, Lincoln denies the allegations of Paragraph 14.

15.     Paragraph 15 of the Complaint contains an assertion of law which requires no response.

16.     In response to Paragraph 16 of the Complaint, Lincoln admits that it was the claim administrator responsible for interpreting the terms of the Group Policy and making benefit determinations thereunder.  Lincoln also admits that it was responsible to paying benefit under the Group Policy to eligible claimants who prove entitlement to such benefits.  Except as expressly stated, Lincoln denies the allegations of Paragraph 16.

17.     Lincoln denies the allegations of Paragraph 17 of the Complaint.

DEFENDANT'S ANSWER AND DEFENSES
TO PLAINTIFF'S COMPLAINT - 6
Case No. 3:21-cv-01019-SI

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone:  206-693-7052 | Fax: 206-693-7058

## FIRST DEFENSE

The Complaint and each and every purported claim for relief therein fails to state a claim for which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims against Lincoln, if any, arise under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. To the extent her Complaint makes claims and seeks remedies not provided for under ERISA, those claims and those remedies are pre-empted by ERISA. *See Pilot Life v. Dedeaux*, 481 U.S. 41 (1987).

## THIRD DEFENSE

Plaintiff's recovery herein, if any, is limited by the terms, conditions, limitations, exclusions and other provisions of the Group Policy.

## FOURTH DEFENSE

Lincoln has complied with and performed all of its promises, obligations, and duties to Decedent and to Plaintiff, and the handling of Plaintiff's claim for benefits complied fully with the terms and conditions of ERISA.

## FIFTH DEFENSE

Lincoln's actions were taken in good faith in accordance with the provisions of the Group Policy.

## SIXTH DEFENSE

Plaintiff's claims are barred by Plaintiff's failure to submit sufficient proof pursuant to the terms of the Group Policy.

DEFENDANT'S ANSWER AND DEFENSES
TO PLAINTIFF'S COMPLAINT - 7
Case No. 3:21-cv-01019-SI

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

## SEVENTH DEFENSE

Plaintiff has no legal entitlement to recover attorneys' fees under ERISA because Lincoln's handling of Plaintiff's claim was reasonable and all actions in the handling of said claim were taken in good faith.

## EIGHTH DEFENSE

Each and every act or statement done or made by Lincoln and its officers, employees, and agents with reference to Plaintiff was a good faith assertion of Lincoln's rights and, therefore, was privileged and justified.

## NINTH DEFENSE

Lincoln's decisions were neither arbitrary nor capricious, nor incorrect.

## TENTH DEFENSE

Lincoln has reasonably and substantially complied with all applicable statutes and regulations.

## ELEVENTH DEFENSE

Plaintiff is limited to the evidence and arguments presented during the administrative process.

## TWELFTH DEFENSE

Plaintiff's request for jury trial, if any, must be stricken as no right to a jury trial is available under ERISA.

## THIRTEENTH DEFENSE

Plaintiff's claim is barred, in whole or in part, by Plaintiff's failure to exhaust administrative remedies.

DEFENDANT'S ANSWER AND DEFENSES
TO PLAINTIFF'S COMPLAINT - 8
Case No. 3:21-cv-01019-SI

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

## FOURTEENTH DEFENSE

Lincoln reserves the right to amend, modify, or plead additional defenses based upon facts or information ascertained as this matter proceeds.

## REQUESTED RELIEF

Lincoln respectfully requests that the Court: (i) dismiss Plaintiff's claims against Lincoln with prejudice and enter judgment in Lincoln's favor on such claims; (ii) award Lincoln its costs of suit, including reasonable attorneys' fees; and (iii) grant such other relief as is appropriate under the circumstances of this case.

Respectfully submitted this 10th day of September, 2021.

OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.

By: */s/ Russell S. Buhite*
    Russell S. Buhite, OSB #142529
    1201 Third Avenue, Suite 5150
    Seattle, WA  98101
    Telephone:   (206) 693-7052
    Facsimile:    (206) 693-7058
    Email:  russell.buhite@ogletree.com

By: */s/ Scott K. Pomeroy*
    Scott K. Pomeroy, MA Bar #665110
    (admitted *pro hac vice*)
    One Boston Place, Suite 3500
    Boston, MA  02108
    Telephone:   (207) 387-2961
    Facsimile:    (207) 387-2986
    Email:  scott.pomeroy@ogletree.com

Attorneys for Defendant THE LINCOLN
NATIONAL LIFE INSURANCE COMPANY

DEFENDANT'S ANSWER AND DEFENSES    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
TO PLAINTIFF'S COMPLAINT - 9    1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Case No. 3:21-cv-01019-SI    Phone:  206-693-7052 | Fax: 206-693-7058

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of September 2021, I filed the foregoing DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT via electronic means through the Court's Case Management/Electronic Case File system, which will send an automatic notification of filing to each party registered for electronic service:

Scott A. Sell, OSB #144297
THOMAS, COON, NEWTON & FROST
The Thomas Mann Building
820 SW 2nd Avenue, Suite 200
Portland, OR  97204
Telephone:  (503) 228-5222
Facsimile:  (503) 273-9175
Email:    ssell@tcnf.legal

*Attorneys for Plaintiff Tracey K. Turkoly*

SIGNED THIS 10th day of September, 2021 at Seattle, Washington.

OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.

By: */s/ Cheryl L. Kelley*
    Cheryl L. Kelley, Practice Assistant
    cheryl.kelley@ogletree.com

48004795.3

DEFENDANT'S ANSWER AND DEFENSES
TO PLAINTIFF'S COMPLAINT - 10
Case No. 3:21-cv-01019-SI

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone:  206-693-7052 | Fax: 206-693-7058